**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------------x
**ALEXANDRA RAMOS and OMAR SANCHEZ,**

                                **Plaintiffs,**

       - against -

**KAREN GARDENS APARTMENT CORP., JOJO BALAGOT, individually and as Chief Executive Officer of Karen Gardens Apartment Corp.,**

                                **Defendants.**
-----------------------------------------------------------------------------x

Case No. 20 Civ. 4161

**COMPLAINT**

(Jury Trial Demanded)

       Plaintiffs Alexandra Ramos (hereinafter individually referred to as "Ramos") and Omar Sanchez (hereinafter individually referred to as "Sanchez") (Ramos and Sanchez shall hereinafter collectively referred to as "Plaintiffs"), by and through their undersigned attorneys, The Law Offices of Fausto E. Zapata, Jr., P.C., hereby files this Action against Defendants Karen Gardens Apartment Corp. and Jojo Balagot, individually and as Chief Executive Officer of Karen Gardens Apartment Corp. (hereinafter collectively referred to as "Defendants") and allege, upon personal knowledge, and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs allege that they are entitled to: (1) damages as a result of Defendants' actions in retaliating against them by interfering with their ability to work, in response to their engagement in protected activities, in violation of the Fair Labor Standards Act (hereinafter referred to as "FLSA") 29 U.S.C. §§ 201 *et seq.*; and, (2) attorneys' fees and costs, compensatory and punitive damages, and interest, pursuant to the FLSA.

2. Plaintiffs also allege that they are entitled to: (1) damages as a result of Defendants' actions in retaliating against Plaintiffs by interfering with their ability to work, in response to their protected activities, in violation of the New York Labor Law (hereinafter referred to as "NYLL"); and, (2) attorneys' fees and costs, liquidated damages and interest pursuant to the NYLL.

3. Plaintiffs also alleges that they are entitled to: (1) damages as a result of Defendants' actions in retaliating against the Plaintiffs in response to Plaintiffs' engagement in activities protected under the New York City Human Rights Law N.Y. City Admin. Code §§ 8-101 *et seq*. (hereinafter referred to as "NYCHRL"); (2) and, compensatory and punitive damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under the laws of the United States, i.e., 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 because rights contained in the FLSA were created by congress using its power to regulate commerce.

5. This Court has supplemental jurisdiction over Plaintiffs' New York State claims pursuant to 28 U.S.C. § 1367 because they are related to Plaintiffs' FLSA claims that they form part of the same controversy.

6. This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because Defendant resides within the judicial district where this Court is located and

because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PROCEDURAL PREREQUISITES

8. In or around August X, 2020, Plaintiff provided the New York State Attorney General with notice of Plaintiff's action and NYLL § 215 claims, pursuant to NYLL § 215(b).

## PARTIES

9. Plaintiff Alexandra Ramos is an adult female who, at all relevant times, resided in Queens County.

10. Plaintiff Sanchez is an adult male who, at all relevant times, resided in Queens County.

11. Plaintiffs have been legally married at all relevant times.

12. Defendant Karen Gardens Apartment Corp. is a residential housing cooperative that owns a residential building located at 86-05 60th Road, Elmhurst, New York, comprised of 68 units/apartments.

13. At all relevant times, Defendant Jojo Balagot has been the Chief Executive Officer of Karen Gardens Apartment Corp.

14. At all relevant times, Defendant Karen Gardens Apartment Corp. was and is domestic business corporations duly organized under, and existing by virtue of, the laws of the State of New York.

## FACTUAL ALLEGATIONS

15. Defendants hired Plaintiffs on or around September 1, 2013, to work for Defendant Karen Gardens Apartment Corp. as part-time janitors.

16. During the Plaintiffs' employment with the Defendants, their primary job duties included, but were not limited to, sweeping and mopping the common areas of the building; garbage removal; painting walls and areas; tending and maintaining common areas; tending and maintaining the sidewalks and grounds of the residential building; responding to tenants' calls and complaints; acting as security guard for the residential building; acting as a doorperson for the residential building; and, providing access to third party vendors, including Verizon, T-Mobile, Metro PCS, etc.

17. Plaintiff Sanchez was also required to be available to attend to tenants' emergencies whenever they arose, including overnight and during weekends.

18. During Plaintiffs' employment with Karen Gardens Apartment Corp., its Chief Executive Officer, Surilla Bajaj, had the power to hire and fire employees, including Plaintiff Sanchez and Plaintiff Ramos.

19. During Plaintiffs' employment with Karen Gardens Apartment Corp., Surilla Bajaj and New Bedford Management Corp. supervised Plaintiff Sanchez's work schedule or conditions of employment.

20. New Bedford Management Corp. is a real estate management company that services numerous cooperative, condominium and rental buildings throughout the State of New York, including Karen Gardens Apartment Corp.'s residential units.

21. During Plaintiffs' employment with Karen Gardens Apartment Corp., Surila Bajaj, as Karen Gardens Apartment Corp.'s Chief Executive Officer, determined the rate and method of payment of wages for employees, including Plaintiff Sanchez and Plaintiff Ramos.

22. In or around June 2014, Defendant Karen Gardens Apartment Corp. removed Plaintiff Ramos off of payroll and stopped paying her.

23. Although Defendants removed Plaintiff Ramos from payroll, Plaintiff Ramos continued to perform the duties of a part-time janitor without pay.

24. At all relevant times, Defendant Karen Gardens Apartment Corp. and Surila Bajaj were aware that Plaintiff Ramos continued performing the duties of a part-time janitor without pay.

25. During their employment with Defendant Karen Gardens Apartment Corp., Plaintiffs were routinely hired by individual residents of Karen Gardens Apartment Corp. to perform cleaning and handyman-type of services, outside of their regular work duties, for additional compensation that they received directly from the tenants.

26. Defendant Karen Gardens Apartment Corp. and Surila Bajaj, as its Chief Executive Officer, were aware Karen Gardens Apartment Corp. residents would hire Plaintiffs to perform cleaning or handyman services on an individual and personal basis.

27. For instance, Plaintiffs would clean and paint apartments, install air conditioners, repair walls and floors, install appliances and fixtures, etc.

28. Defendant Karen Gardens Apartment Corp. and its Chief Executive Officer were not involved in Plaintiffs' and Karen Gardens Apartment Corp. residents' arrangements for the services that Plaintiffs performed, which were outside of their regular job duties.

29. In early August 2017, Defendants tried to reduce Plaintiff Sanchez's wages, which were already below the statutory minimum, further and Plaintiff Sanchez objected and tried unsuccessfully to negotiate a resolution that would not involve a significant reduction in wages.

30. On or around August 31, 2017, Plaintiff Sanchez was terminated from his employment with Defendant Karen Gardens Apartment Corp.

31. After Plaintiff Sanchez's termination, Plaintiff Ramos and Plaintiff Sanchez moved out of the Super's Apartment, which Defendant Karen Gardens Apartment Corp. provided to Plaintiffs to allow them to fulfill their work-related duties.

32. After Plaintiff Sanchez was terminated, Plaintiff Ramos ceased performing any employment related duties on behalf of Defendant Karen Gardens Apartment Corp.

33. In or around December 14, 2017, Plaintiff Sanchez initiated an action in Queens County Supreme Court alleging unpaid wages under NYLL against Defendants, *Sanchez v. Karen Gardens Apartment Corp., Surila Bajaj, individually and as Chief Executive Officer of Karen Gardens Apartment Corp., and New Bedford Management Corp.*, New York County Supreme Court Index No. 717328-2017

34.  In or around February 5, 2018, Plaintiff Ramos initiated an action in the Eastern District of New York seeking unpaid wages under the FLSA, NYLL, and NYCRHL against Defendants, in an action entitled, *Ramos v. Karen Gardens Apartment Corp., Surila Bajaj, individually and as Chief Executive Officer of Karen Gardens Apartment Corp., and New Bedford Management Corp.*, EDNY Index No. 18 Civ. 775.

35. In both actions, Plaintiffs alleged unpaid minimum wages under the NYLL, in addition to statutory claims based on violations of NYLL §§ 195(1)(a) and 195(3).

36. Additionally, Plaintiff Ramos alleged gender discrimination claims under the NYCHRL and FLSA unpaid minimum wage claims.

37. In their respective complaints, Plaintiffs alleged that Surila Bajaj would routinely direct their work duties by instructing them as to prioritizing duties or coordinating and providing access to third party vendors, e.g., Verizon, Consolidated Edison, plumbers, electricians, etc.

38. At all relevant times, Plaintiff Sanchez participated in Plaintiff Ramos' engagement in protected activities under the FLSA and NYLL, including encouraging her to seek recovery of unpaid minimum wages.

39. At all relevant times, Plaintiff Ramos participated in Plaintiff Sanchez's engagement in protected activities under the NYLL, including identifying herself as a witness who could support Plaintiff Sanchez's claims.

40. At all relevant times, Plaintiff Sanchez participated in Plaintiff Ramos' engagement in protected activities under the NYCHRL, including encouraging to pursue gender discrimination claims against Defendants.

41. In his efforts to encourage and support Plaintiff Ramos' protected activities, Plaintiff Sanchez helped Plaintiff Ramos find and retain counsel to pursue her claims.

42. Plaintiff Sanchez and Plaintiff Ramos together raised their individual, respective, claims, including Plaintiffs' FLSA and NYLL claims and Plaintiff Ramos'

individual NYCHRL claims, with Defendants, in the same writing, in an effort to resolve their claims prior to initiating their respective claims.

43. Plaintiff Sanchez and Plaintiff Ramos engaged in activities protected by the FSLA and NYLL by identifying each other as individuals who could support their respective claims.

44. Plaintiff Sanchez and Plaintiff Ramos engaged in activities protected by the NYCHRL by identifying Plaintiff Sanchez as an individual who could support Plaintiff Ramos' discrimination claims.

45. In her FRCP 26(a) disclosures, Plaintiff Ramos identified Plaintiff Sanchez as a person who Plaintiff Ramos would potentially use to support her claimed wage and hour violations and discrimination claims, including by testifying on her behalf.

46. At all relevant times, Defendants were aware of Plaintiff Sanchez's actions in supporting Plaintiff Ramos' engagement in activities protected under the NYLL, FLSA, and NYCHRL.

47. At all relevant times, Defendants were aware of Plaintiff Ramos' actions in supporting Plaintiff Sanchez's engagement in activities protected under the NYLL.

48. At all relevant times, Plaintiffs participated in protected activities that were known to the Defendants, including complaining of wage and hour violations, filing wage and hour lawsuits, and disclosing to Defendants that each Plaintiff would support each other's claims, including wage and discrimination claims,

including but not limited to, providing sworn testimony in support of each other's respective wage and hour lawsuits.

49. In or around September 2018, Plaintiff Ramos reached an agreement with Defendants and settled her claims against Defendant Karen Gardens Apartment Corp., Surila Bajaj, and New Bedford Management Corp.

50. In or around September 2018, Plaintiff Sanchez reached an agreement with Defendants and settled his claims against Defendant Karen Gardens Apartment Corp., Surila Bajaj, and New Bedford Management Corp.

51. After resolving their case against Defendants, Plaintiffs wanted to continue their ad-hoc employment arrangement with Karen Gardens Apartment Corp. residents to the extent that Plaintiffs sought to earn additional wages by continuing to perform cleaning and handyman services for Karen Gardens Apartment Corp. residents.

52. After resolving their case against Defendants, Defendants retaliated against Plaintiffs by interfering with their ability to earn wages by barring Defendant Karen Gardens Apartment Corp.'s residents from hiring Plaintiffs on the explicit grounds that Plaintiffs had sued Defendants in the past.

53. On or around February 2020, Plaintiff Sanchez had arranged, via text message, to remove and dispose of furniture, repair the apartment floor, and move other furniture into the apartment on behalf of a tenant, Sumeth Purayanath, who resided in apartment 5D at the residential building owned by Karen Gardens Apartment Corp.

54. During their text communication, Purayanath asked Plaintiff Sanchez to bring Plaintiff Ramos to perform cleaning services.

55. Within a few hours of arranging for Plaintiffs to perform work on his behalf, Sumeth Purayanath sent Plaintiff Sanchez a text message asking Plaintiff Sanchez not to come to his apartment, at the residential building owned by Karen Gardens Apartment Corp., because the Defendant Balagot, as Karen Gardens Apartment Corp.'s President, and Karen Gardens Apartment Corp., banned Plaintiffs from performing any services for Karen Gardens Apartment Corp. residents because Plaintiffs sued Karen Gardens Apartment Corp. and Surilla Bajaj, individually and as Chief Executive of Karen Gardens Apartment Corp.

56. Defendants retaliated against Plaintiffs by interfering with their ability to earn wages in response to Plaintiffs' engagement in activities protected under the FLSA and NYLL.

57. Defendants actions in interfering with Plaintiffs' ability to earn wages with other prospective employers and/or parties, would likely dissuade a reasonable worker from making or supporting FLSA and/or NYLL claims similar to those that Plaintiffs alleged in their individual lawsuits against Defendants.

58. Defendants retaliated against Plaintiffs by interfering with Plaintiffs' ability to earn wages in response to Plaintiffs' protected activities connected to Plaintiff Ramos' discrimination complaints, pursuant to NYCHRL.

59. Defendants actions in interfering with Plaintiffs' ability to earn wages with other prospective employers and/or parties, would reasonably likely deter other persons from engaging in the activities protected under the NYCHRL.

60. At all relevant times, Defendants knew or were recklessly indifferent that retaliating against Plaintiffs by interfering with their ability to earn violated the FLSA, NYLL, and the NYCHRL.

61. Defendants' conduct in retaliating against Plaintiffs for engaging in activities protected under the NYCHRL have caused Plaintiffs to suffer mental, emotional, physical injury, distress, and pain and suffering.

62. Defendants' conduct in retaliating against Plaintiffs for engaging in activities protected under the FLSA, NYLL, and NYCHRL have caused Plaintiffs to suffer mental, emotional, physical injury, and pain and suffering.

### FIRST CLAIM OF RELIEF
### FAIR LABOR STANDARDS ACT
### RETALIATION

63. Plaintiffs repeats and re-allege each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

64. The retaliation provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, apply to Defendants and protect Plaintiffs.

65. The FLSA, 29 U.S.C. § 215(a)(3), provides that it is unlawful for any person:

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

66. The foregoing conduct, as alleged, constitutes violations of the FLSA within the meaning of 29 U.S.C. § 215(a)(3).

67. Defendants willfully violated Plaintiffs' rights by retaliating against them in response to their engagement in activities protected under the FLSA.

68. As a direct and proximate result of Defendants' unlawful retaliatory conduct, Plaintiffs have suffered, and continue to suffer, severe mental, emotional, and physical injury, distress, pain and suffering, and injury to reputation, for which they are entitled to an award of monetary damages and other relief, to the greatest extent permitted by law.

69. Defendant's violations of 29 U.S.C. § 215(a)(3) have caused Plaintiffs irreparable harm for which there is no adequate remedy at law.

70. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants compensatory, punitive, and liquidated damages, reasonable attorneys' fees and costs and disbursements, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**RETALIATION**

71. Plaintiffs repeats and re-allege each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

72. The retaliation provisions set forth in NYLL § 215 and the supporting regulations, apply to Defendants and protect Plaintiffs.

73. NYLL § 215(1)(a) provides that:

> No employer or his or her agent… shall discharge, threaten, penalize, or in any other manner discriminate against any employee (i) because such employee has made a complaint to his or her employer… that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter.

74. The foregoing conduct, as alleged, constitutes violations within the meaning of NYLL § 215.

75. Defendants willfully violated Plaintiffs' rights by retaliating against them in response to their engagement in activities protected under the NYLL.

76. Defendant's violations of NYLL § 215 have caused Plaintiffs irreparable harm for which there is no adequate remedy at law.

77. As a direct and proximate result of Defendants' unlawful retaliatory conduct, Plaintiffs have suffered, and continue to suffer, severe mental, emotional, and physical injury, distress, pain and suffering, and injury to reputation, for which they are entitled to an award of monetary damages and other relief, to the greatest extent permitted by law.

78. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants compensatory, punitive, and liquidated damages, reasonable attorneys' fees and costs and disbursements, pursuant to NYLL § 215.

**THIRD CLAIM FOR RELIEF**
**NEW YORK CITY HUMAN RIGHTS LAW**
**RETALIATION**

79. Plaintiffs repeats and re-allege each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

80. The retaliation provisions set forth in NYCHRL and the supporting regulations, apply to Defendants and protect Plaintiffs.

81. NYCHRL § 8-107(7) provides that:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under

>  this chapter… The retaliation or discrimination complained of under this subdivision need not result in an ultimate action with respect to employment … or in a materially adverse change in the terms and conditions of employment … provided, however, that the retaliatory or discriminatory act or acts complained of must be reasonably likely to deter a person from engaging in protected activity.

82. Defendants engaged in unlawful discriminatory practices in violation of NYCHRL § 8-107(7).

83. Defendants' NYCHRL violations have caused Plaintiffs irreparable harm for which there is no adequate remedy at law.

84. As a direct and proximate result of Defendants' unlawful discriminatory conduct and harassment in violation of the NYCHRL, Plaintiffs have suffered, and continue to suffer, severe mental anguish and emotional distress for which they are entitled to an award of monetary damages and other relief, to the greatest extent permitted by law, in addition to reasonable attorneys' fees and costs.

85. Defendants' unlawful discriminatory actions constitute malicious, willful and wanton violations of the NYCHRL for which Plaintiffs are entitled to an award of punitive damages.

86. Plaintiffs hereby makes a claim against Defendants under all the applicable paragraphs of the New York City Human Rights Law, NYC Administrative Code, Title 8.

## FOURTH CLAIM FOR RELIEF
## NEW YORK CITY HUMAN RIGHTS LAW
## STRICT LIABILITY

87. Plaintiffs repeats and re-allege each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

88. The strict liability provisions set forth in NYCHRL and the supporting regulations, apply to Defendants and protect Plaintiffs.

89. Section 8-107(13)(b) of the NYCHRL provides that an employer is liable for the unlawful discriminatory practices of its employees or agents where:

> the employee or agent exercised managerial or supervisory responsibility; or
>
> the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agents discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
>
> the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

90. As a result of Defendant Balagot's unlawful discriminatory conduct, Defendant Karen Gardens Apartment Corp. are strictly liable under the NYCHRL.

91. Defendants' NYCHRL violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

92. As a direct and proximate result of Defendants' unlawful discriminatory conduct and harassment in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress for which he is entitled to an award of monetary damages and other relief, to the greatest extent permitted by law, in addition to reasonable attorneys' fees and costs.

93. Defendants' unlawful discriminatory actions constitute malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

94. Plaintiff hereby makes a claim against Defendants under all applicable sections of Title 8 of the New York City Administrative Code.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, requests that this court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, and NYCHRL;

b) A declaratory judgment that the Defendants retaliated against Plaintiffs, in violation of FLSA, NYLL, and NYCHRL;

c) A declaratory judgement that Defendant Karen Gardens Apartment Corp. is strictly liable Defendant for Defendant Balagot's violations of the NYCHRL;

d) An injunction against the Defendants and their respective officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e) An award of statutory, compensatory, punitive, and liquidated damages, under the FLSA and NYLL;

f) An award of $20,000.00 in liquidated damages against Defendant Karen Gardens Apartment Corp., pursuant to NYLL § 215, for Plaintiff Sanchez;

g) An award of $20,000.00 in liquidated damages against Defendant Balagot, pursuant to NYLL § 215, for Plaintiff Sanchez;

h) An award of $20,000.00 in damages against Defendant Karen Gardens Apartment Corp., pursuant to NYLL § 215, for Plaintiff Ramos;

i) An award of $20,000.00 in damages against Defendant Balagot, pursuant to NYLL § 215, for Plaintiff Ramos;

j) An award for compensatory and punitive damages under NYCHRL for Plaintiffs;

k) An award to Plaintiffs for compensatory damages for mental, emotional, and physical injury, distress, pain and suffering, and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

l) An award of pre-judgment and post-judgment interest;

m) An award for Plaintiffs' attorneys' fees, costs, expert fees, and expenses incurred in the prosecution of the action;

n) An award providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and,

o) Such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial on all issues of fact and damages.

Date:  New York, New York
       August 21, 2020

                                                 The Law Offices of
                                                 Fausto E. Zapata, Jr., P.C.

                                       By: _____
                                                 Fausto E. Zapata, Jr.
                                                 Attorneys for Plaintiff
                                                 277 Broadway, Suite 206
                                                 New York, New York 10007
                                                 Tel. (212) 766-9870
                                                 Email: fz@fzapatalaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ALEXANDRA RAMOS and OMAR SANCHEZ,

      Plaintiff,

- against -

KAREN GARDENS APARTMENT CORP., SURILA
BAJAJ, individually and as Chief Executive Officer of
Karen Gardens Apartment Corp.,

      Defendants.
-------------------------------------------------------------------x

Case No. 20 Civ. 4161

### CONSENT TO SUE UNDER FEDERAL LABOR STANDARDS ACT

By my signature below, I hereby authorize the filing and prosecution of claims in my name to contest Karen Gardens Apartment Corp. and Surila Bajaj's actions in retaliating against me, Alexandra Ramos, in response to my engagement in activities protected under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. I authorize the filing of this consent in the lawsuit challenging such conduct and consent to being named as a Plaintiff in this action lawsuit, pursuant to 29 U.S.C. 216(b). I have been provided with a copy of the retainer agreement that I signed by The Law Offices of Fausto E. Zapata, Jr., P.C., and I agree to be bound by its terms. I hereby designate The Law Offices of Fausto E. Zapata, Jr., P.C., to represent me in such a lawsuit.

                _/s/ Alexandra Ramos_
                Alexandra Ramos

                08-26-2020
                Date

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ALEXANDRA RAMOS and OMAR SANCHEZ,

                    Plaintiff,

   - against -

KAREN GARDENS APARTMENT CORP., SURILA
BAJAJ, individually and as Chief Executive Officer of
Karen Gardens Apartment Corp.,

                    Defendants.
-------------------------------------------------------------------x

Case No. 20 Civ. 4161

## CONSENT TO SUE UNDER FEDERAL LABOR STANDARDS ACT

By my signature below, I hereby authorize the filing and prosecution of claims in my name to contest Karen Gardens Apartment Corp. and Surila Bajaj's actions in retaliating against me, Omar Sanchez, in response to my engagement in activities protected under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. I authorize the filing of this consent in the lawsuit challenging such conduct and consent to being named as a Plaintiff in this action lawsuit, pursuant to 29 U.S.C. 216(b). I have been provided with a copy of the retainer agreement that I signed by The Law Offices of Fausto E. Zapata, Jr., P.C., and I agree to be bound by its terms. I hereby designate The Law Offices of Fausto E. Zapata, Jr., P.C., to represent me in such a lawsuit.

_____
Omar Sanchez

08-26-2020
_____
Date